IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICIO LOPEZ-ESQUIVEL a/k/a MAURICIO LOPEZ, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO BOOTH MANUFACTURING, INC., an Illinois corporation, d/b/a G CLUB FURNITURE, and DAVID R. BOCHNIAK, an individual,<br><br>Defendants. | Case No. 16-cv-11372 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Mauricio Lopez-Esquivel a/k/a/ Maurcio Lopez ("Plaintiff" or "Lopez-Esquivel"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Chicago Booth Manufacturing, Inc. d/b/a G Club Furniture ("Chicago Booth Manufacturing") and David R. Bochniak ("Bochniak"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

2. Defendants violated federal, state, and city overtime laws by failing to pay Plaintiff, and other carpenters, upholsterers, and furniture manufacturers, an overtime premium when they worked more than 40 hours in individual workweeks.

3. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Lopez-Esquivel is a former employee of the Defendants. Plaintiff performed carpentry and other furniture manufacturing services for the Defendants from January 2016 to November 2016.

7. During the course of their employment, Plaintiff, and other carpenters, upholsterers, and furniture manufacturers, necessarily used and handled goods, including furniture parts, tools, machinery, and material, that were manufactured outside of Illinois and moved in interstate commerce prior to arriving at Defendants' location.

8. Defendant Chicago Booth Manufacturing is owned and operated by Defendant Chicago Booth Manufacturing, Inc., and is doing business as a furniture manufacturer located at 5000 W. Roosevelt Road in Chicago, Illinois. Chicago Booth Manufacturing is primarily engaged in manufacturing tables, booths, chairs, and other furniture for restaurants.

9. Defendant Chicago Booth Manufacturing employed employees in the production, sale, shipment, and distribution of goods for commerce, including the above-reference furniture,

outside Illinois. The employees of Chicago Booth Manufacturing were manufactured tables, booths, chairs, and other furniture and prepared such goods for interstate shipment.

10. Upon information and belief, Defendant Chicago Booth Manufacturing earned more than $500,000 in gross annual revenue or sales during the last three years before the filing of this suit.

11. Upon information and belief, Defendant Bochniak is an owner of Defendant Chicago Booth Manufacturing. Bochniak is the president and registered agent for Chicago Booth Manufacturing.

12. At all times relevant to this action, Defendant Bochniak possessed extensive control over Chicago Booth Manufacturing's day-to-day operations and was the ultimate decision-maker with respect to the business' wage and hour and payroll practices. Bochniak possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. Bochniak exercised his authority with respect to Plaintiff when he hired Plaintiff and set his hourly wage rate.

**COMMON ALLEGATIONS**

13. Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, were directed to work, and did work, more than 40 hours in one or more individual workweeks.

14. Plaintiff frequently worked between 45 and 55 hours in individual workweeks.

15. Defendants paid Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, on an hourly basis.

16. Defendants paid Plaintiff at the hourly rates of $10.00 and $10.50 per hour.

17. Defendants paid the wages of Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, on a bi-weekly basis.

18. Defendants did not compensate Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in one or more individual workweeks.

19. During his employment, Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

20. Throughout this time, Defendants paid Plaintiff at his straight-time rates of pay for all hours worked, including compensable overtime hours.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claim as a collective action on behalf of himself and other similarly situated carpenters, upholsterers, and furniture manufacturers that worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, had substantially similar job descriptions, job requirements, and pay rates.

23. Plaintiff, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to carpenters, upholsterers, and furniture manufacturers and depriving the employees of their earned wages.

24. During the last three years before the filing of this suit, Defendants had a common policy and practice of keeping new employees off their payroll system for an initial time period such as two or three months.

25. During this initial time period off-payroll, Defendants failed to pay Plaintiff, and other similarly situated carpenters, upholsterers, and furniture manufacturers, at one-and-one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

26. In addition, Plaintiff, and some other similarly situated carpenters, upholsterers, and furniture manufacturers, remained off-payroll after the initial period had passed and continued to not receive overtime compensation when they worked more than 40 hours in an individual workweek.

27. Defendants' common policy and plan had the effect of denying both new and long-term employees of their overtime wages during the time that they remained off-payroll.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former carpenters, upholsterers, and furniture manufacturers who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former carpenters, upholsterers, and furniture manufacturers are known to the Defendants and are identifiable in Defendants' payroll records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages
(Collective Action)

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1), and Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

34. During the course of Plaintiff's employment, Defendants employed other similarly situated carpenters, upholsterers, and furniture manufacturers who were similarly not exempt from the overtime wage provisions of the FLSA.

35. During all relevant times, Defendants have each been an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant Chicago Booth Manufacturing is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

37. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt carpenters, upholsterers, and furniture manufacturers worked more 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants purposefully refused to pay overtime wages to new employees and select long-term employees while they were not included in the company's payroll system.

WHEREFORE, the Plaintiff, Mauricio Lopez-Esquivel, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Chicago Booth Manufacturing, Inc. d/b/a G Club Furniture and David R. Bochniak, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours in individual workweeks;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

40. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

41. Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d), and was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

42. During the course of Plaintiff's employment, Defendants employed other similarly situated carpenters, upholsterers, and furniture manufacturers who were similarly not exempt from the overtime wage provisions of the IMWL.

43. At all times relevant, Defendants have each been an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

44. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt carpenters, upholsterers, and furniture manufacturers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

WHEREFORE, the Plaintiff, Mauricio Lopez-Esquivel, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Chicago Booth Manufacturing, Inc. d/b/a G Club Furniture and David R. Bochniak, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

46. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

47. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

48. During the course of Plaintiff's employment, Defendants employed other similarly situated carpenters, upholsterers, and furniture manufacturers who were similarly not exempt from the overtime wage provisions of the CMWO.

49. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

50. Under § 1-24-040, for all weeks during which Plaintiff, and other non-exempt carpenters, upholsterers, and furniture manufacturers worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

51. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

WHEREFORE, the Plaintiff, Mauricio Lopez-Esquivel, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Chicago Booth Manufacturing, Inc. d/b/a G Club Furniture and David R. Bochniak, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: December 15, 2016

Respectfully submitted,
Mauricio Lopez-Esquivel, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of the Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel: (312) 322-1100
Fax: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com